**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION**

| | | |
|---|---|---|
| LAKEVIEW LOAN SERVICING, LLC; | § § § § | |
| *Plaintiff,* | § § | |
| v. | § § | MO:25-CV-00265-DC-RCG |
| | § § | |
| ERNESTO A. MENDOZA, JR.; DANIELLA L. LARA; and UNITED STATES OF AMERICA; | § § § § | |
| *Defendants.* | § § | |

<u>**REPORT AND RECOMMENDATION OF THE U.S. MAGISTRATE JUDGE**</u>

BEFORE THE COURT is the status of this case. This case is before the undersigned through a Standing Order pursuant to 28 U.S.C. § 636 and Appendix C of the Local Court Rules for the Assignment of Duties to United States Magistrate Judges. After due consideration, the Court **RECOMMENDS** this action be **DISMISSED WITHOUT PREJUDICE**.

## I.    DISCUSSION

Plaintiff Lakeview Loan Servicing, LLC, ("Plaintiff") has repeatedly failed to prosecute this case and comply with Court Orders. (Docs. 9, 11). This action was commenced in the 109th Judicial District, Winkler County, Texas, on May 14, 2025. (Doc. 1-1). The action was removed to this Court on June 6, 2025. (Doc. 1). On both June 18 and August 7, the Court sent Pro Hac Vice letters to Plaintiff's Counsel, Joseph Vacek. (Docs. 3, 6). Then, without first filing a Motion to Appear Pro Hac Vice, on August 11, 2025, a Joint Motion for Entry of Consent Order was filed by Plaintiff and Defendant United States of America. (Doc. 7). The Court denied the Motion because Plaintiff, as a corporation, cannot represent itself and could not agree to the Motion without a licensed attorney. (Doc. 8). A month went by, and Plaintiff failed to take any action. On September 16, 2025, the Court ordered Plaintiff to show cause by October 3, 2025, for its failure to properly serve Defendants in this case, save the United States. (Doc. 9). The

Court further cautioned Plaintiff that failure to respond by the deadline will result in the case against Defendants being dismissed. *Id*. On October 1, 2025, Plaintiff's Counsel filed a Motion to Appear Pro Hac Vice (Doc. 10), which the Court granted. But Plaintiff never responded to the Court's Show Cause Order.

Because Plaintiff failed to meet this deadline, the Court issued a Second Show Cause Order as to why this case should not be dismissed under Rule 41(b) for failure to prosecute or comply with a court order. (Doc. 11). On October 31, 2025, Plaintiff filed a Response, albeit unsatisfactory. (Doc. 12). In its Response, Plaintiff stated Defendants Ernesto A. Mendoza, Jr. and Daniella L. Lara were served on June 4, 2025. *Id*. Plaintiff then asked this Court to grant the Joint Motion for Entry of Consent Order and remand this suit to the state court where it was originally filed.[1] *Id*. On November 5, 2025, Plaintiff and the United States filed a second Joint Motion for Entry of Consent Order, which the Court granted. (Doc. 14).

Plaintiff has filed nothing and has taken no action in this case since. While Plaintiff stated in a Response that it had served Defendants Ernesto A. Mendoza, Jr. and Daniella L. Lara, this does not constitute proof of service. FED. R. CIV. P. 4(l)(1) ("Unless service is waived, proof of service must be made to the court. Except for service by a United States marshal or deputy marshal, proof must be by the server's affidavit."). And Plaintiff's time to serve has well since passed. This Court refuses to show cause Plaintiff yet again for proof of service—which would be required for this case to advance. Federal Rule of Civil Procedure 41(b) authorizes the district court to dismiss an action *sua sponte* for failure to prosecute or to comply with a court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). The Court finds the only remedy available in light of Plaintiff's inaction and failure to comply with the Court's Order is to dismiss the Complaint for want of prosecution under Rule 41(b). For the same reasons, the Court further

---

1. The Court notes there has never been a Motion to Remand filed.

recommends the Complaint should be dismissed in the interest of judicial economy. At this point, the Court is left with no option other than to recommend dismissal under Rule 41(b). Plaintiff has failed to comply with the Court's first Show Cause Order (Doc. 9) and, despite filing a Response to the second Show Cause Order, Plaintiff has not remedied its procedural deficiencies. The Court has also warned Plaintiff multiple times that this case was at risk of being dismissed. (Docs. 9, 11). Even so, Plaintiff has continued in its failure to prosecute this case.

The undersigned recommends the Court dismiss the Complaint without prejudice to allow Plaintiff another opportunity to raise its claims, if necessary.[2] *Callip v. Harris Cnty. Child Welfare Dep't.*, 757 F.2d 1513, 1519 (5th Cir. 1985) (citations omitted) (finding that, unless otherwise specified, a dismissal for want of prosecution is a "complete adjudication on the merits, and thus with prejudice"). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link v. Wabash R.R.*, 370 U.S. 626, 629–30 (1962); *Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir.), *cert. denied*, 522 U.S. 875 (1997).

---

2. Though it does not affect the outcome here, the Court notes this is not the first time Plaintiff has wasted the time and resources of a court in this Circuit by failing to prosecute its case. *Lakeview Loan Servicing, LLC, v. Lee*, No. 25-CV-00525, 2025 WL 2816781, at * 2 (W.D. Tex. July 30, 2025) (recommending dismissal under Rule 41(b) because "Lakeview has failed . . . to prosecute this lawsuit"); *Lakeview Loan Servicing, LLC, v. Perez*, No. 25-CV-00064, 2025 WL 2723142, at *3 (N.D. Tex. Aug. 20, 2025), *R. & R. adopted*, 2025 WL 2722663, (N.D. Tex. Sept. 24, 2025) (same).

## II.    RECOMMENDATION

After due consideration, the Court therefore **RECOMMENDS** that this case be **DISMISSED WITHOUT PREJUDICE** under Rule 41(b).

SIGNED this 5th day of January, 2026.

_____
RONALD C. GRIFFIN
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT**

In the event that a party ***has not been served*** by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is **ORDERED** to mail such party a copy of this Report and Recommendation by certified mail. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made; the District Judge need not consider frivolous, conclusive, or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on all other parties. A party's failure to file such objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the District Judge. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).